IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                    :

MELONY WHEELER, et al.

                                    :

    v.                              :     Civil Action No. DKC 2008-0774

                                    :

GREGORY LEONARD, et al.             :

## MEMORANDUM OPINION

Presently pending and ready for resolution are: (1) a motion to compel discovery and for sanctions by Coldwell Banker Residential Brokerage ("Coldwell Banker") (Paper 24), (2) a motion to shorten time for Plaintiffs to respond to Coldwell Banker's motion to compel (Paper 25), (3) a motion for summary judgment by Coldwell Banker and Brian Taylor (Paper 26), (4) a motion for summary judgment on its counterclaim filed by Coldwell Banker (Paper 27), (5) a supplemental motion for sanctions by Coldwell Banker and Brian Taylor (Paper 38), and (6) a motion to strike exhibits 3 and 4 to Plaintiffs' memorandum in opposition to Coldwell Baker and Brian Taylor's motion for summary judgment (Paper 40).  The issues have been briefed and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Defendants' motions for summary judgment will be granted, Defendants' motion to strike exhibits 3 and 4 to Plaintiffs'

response in opposition to Defendants' motion for summary judgment will be denied, Defendant Coldwell Banker's motion to compel discovery and for sanctions will be denied, Defendant Coldwell Banker's motion to shorten time for Plaintiffs to respond to Defendant's motion to compel and for sanctions will be denied, and Defendants' supplemental motion for sanctions will be denied.

## I. Background

The following facts are either undisputed or viewed in the light most favorable to the non-moving parties, Plaintiffs. This case arises from a real estate transaction between Plaintiffs Ramona and Elwood Scott (the "Scotts") and Gregory and Stephanie Leonard (the "Sellers"). Melony Wheeler ("Wheeler"), the Scotts' daughter, asserts that she served as the Scotts' "project manager" in the transaction. Defendant Coldwell Banker is a real estate brokerage firm. Defendant Brian Taylor ("Taylor") is a real estate agent for Coldwell Banker.

On or about January 3, 2006, Defendants listed on the Metropolitan Regional Information System ("MRIS") a lot for sale at 12308 Firth of Tae Drive, in Fort Washington, MD (the "Property"). (Paper 26, Attach. 5, at 1). The MRIS is the universally accepted system for listing properties for sale.

Real estate agents are required to input certain information in a MRIS listing.  The MRIS listing for the Property contained disclosures, including: "Sewer/Septic – Public H/U Available" and "Water --- Public H/U Available."  (*Id.*).  Defendants did not make any changes to the "Sewer/Septic" and "Water" disclosures during the time when the Property was listed on MRIS.  (Paper 26, Attach 7).

Plaintiffs allege that Wheeler was approached by the Sellers on October 2, 2006, and that Stephanie Leonard inquired as to whether Wheeler knew any investors to buy a building lot Leonard owned.  According to Plaintiffs, the Sellers stated, "the lot was ready to be built on and all permits and plans were approved by the County" and called it a "finished lot with no problems whatsoever."  (*Id.* at ¶ 5).  Plaintiffs also allege that the Sellers reported that "permits were approved by the county and the only thing necessary was the approval of the house plans."  (*Id.* at 6-7).

On or about October 17, 2006, the Scotts and the Sellers executed a Maryland Unimproved Land Contract of Sale (the "Contract") for the Property.  (Paper 27, Attach. 3).  Wheeler was not a party to the contract.  Coldwell Banker was the Sellers' broker in the sale of the Property, and Taylor was their real estate agent.  After the Scotts bought the Property,

Plaintiffs discovered that the Property did not have a connection to public water and sewer utilities. (Paper 2 ¶ 8).

On December 14, 2007, the Scotts and Wheeler filed a complaint in the Circuit Court for Prince George's County, Maryland (Case No. CAL07-33048). (Paper 2). The complaint named as Defendants Gregory Leonard, Stephanie Leonard, Coldwell Banker, and Brian Taylor.[1] The complaint asserted that Defendants failed to disclose that there was no sewer and water connection to the Property and that the Scotts would need to obtain an easement from a bordering lot owner with access to the public utilities. (Paper 2 ¶¶ 7-9). The complaint alleged violations of the Real Estate Settlement Procedures Act ("RESPA") in three counts for (1) fraud, (2) conspiracy, and (3) unfair and deceptive trade practices. (Paper 2 ¶¶ 10-17).

On March 26, 2008, Defendants removed the case to this court on the ground of federal question jurisdiction under 28 U.S.C. § 1331. (Paper 1). On April 24, 2009, Defendant Coldwell Banker filed a motion to compel discovery and for sanctions and a motion to shorten time for Plaintiffs to respond. (Papers 24 and 25). On May 18, 2009, Defendants filed

_____

[1] On December 2, 2008, Plaintiffs' complaint was dismissed without prejudice as to Defendants Gregory and Stephanie Leonard because Plaintiffs failed to effect service of process within the time provided. (Paper 20).

a motion for summary judgment and Defendant Coldwell Banker filed a motion for summary judgment on its counterclaim. (Papers 26 and 27).   On June 18, 2009, Defendants filed a supplemental motion for sanctions, and on June 25, 2009, Defendants filed a motion to strike exhibits 3 and 4 to Plaintiffs' memorandum in opposition to Defendants' motion for summary judgment.  (Papers 38 and 40).

**II.   Motion for Summary Judgment**

**A.    Standard of Review**

Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.  It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  In other words, if there clearly exists factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See Scott v. Harris*, 127 S.Ct. 1769, 1774 (2007); *Emmett,* 532 F.3d at 297. A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id*. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 254; *Celotex Corp*., 477 U.S. at 324. "A mere scintilla of proof, however, will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50. (citations omitted).

### B.   Analysis

Plaintiffs' complaint has three counts: (1) fraud, (2) conspiracy, and (3) unfair and deceptive trade practices.   Each count will be analyzed separately for summary judgment.

### 1.   Fraud

Defendants argue that Plaintiffs' fraud claim in count I of their complaint cannot survive summary judgment.   Defendants maintain that, even though the question of whether Taylor made any misrepresentation in the MRIS listing regarding the Property's connection to public water and sewer services is in dispute, the fraud claim must fail because Plaintiffs cannot establish that Taylor knew any representation he made regarding the Property was false.   (Paper 26, Attach. 1, at 8).   Defendants also argue that, assuming Taylor's representation on the MRIS listing was false, he did not commit fraud because he was entitled under Maryland law to rely on information concerning the Property provided to him by the Sellers. (*Id.* at 9).

Plaintiffs counter that the MRIS listing for the Property was inaccurate and that "[t]he MRIS listing should have indicated that there needed to [sic] more than just a mere 'connection,' but that there was a need for either an easement or an extension of the water/sewer line." (Paper 34, Attach. 1,

at 3-4).  Plaintiffs contend that Taylor "intentionally made a false representation as to the sewer/water access to the Property" because he knew that the Property might need an easement to access water and sewer utilities.  (*Id.* at 4).  As evidence of that point, Plaintiffs present an affidavit of Janet Jackson, an owner of land that abuts the Property.  Jackson attests that Taylor called her and asked whether she would be "willing to give an easement for sewer and water" if he was able to get a contract on the Property.  (Paper 34, Attach. 3, at 1).

To prevail on a claim for fraud, a plaintiff must establish:

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Maryland Environmental Trust v. Gaynor*, 370 Md. 89, 97 (2002).  A plaintiff must prove fraud by clear and convincing evidence.  *Id.*

To succeed on their claim for fraud, Plaintiffs have to show that Taylor made a false representation regarding the Property and intended for Plaintiffs to rely on it and that

8

Taylor knew the representation was false when he made it.  It is undisputed that Taylor made a representation to Plaintiffs regarding the availability of utilities for the Property when he selected the "Public H/U Available" option for the "Water" and "Sewer/Septic" fields on the MRIS listing.  Plaintiffs and Defendants dispute whether Taylor's representation was in fact false.  Defendants assert that "Public H/U Available" disclosure meant that a county public utilities hook-up was available but that the actual connection to the County had not yet been made. (Paper 26, Attach. 1, at 9).  Plaintiffs believe that that the MRIS listing was incorrect and that "there should have been some indication [that an easement might be necessary for water and sewer access] on the MRIS listing."  (Paper 34, Attach. 1, at 2).

Even if Taylor's representation was false or incomplete, Plaintiffs have not established fraud because they have not shown that Taylor knew his representation was false when he made it.  *See Martens v. Chevrolet*, *Inc. v. Seney*, 292 Md. 328 (1982)(holding that a claim for fraud requires scienter on the part of the defendant).  Plaintiffs present evidence to show that Taylor knew that the Property might require an easement to access water and sewer utilities, but this evidence does not establish that Taylor knew that the disclosures in the MRIS

9

listing were insufficient, either when he listed the Property or any time thereafter. Additionally, Plaintiffs have not presented any evidence that Taylor's MRIS representations were made with intent to defraud Plaintiffs. Therefore, summary judgment will be granted in favor of Defendants on count I of Plaintiffs' complaint.

### 2. Conspiracy

Defendants argue that Plaintiffs' conspiracy claim in count II of their complaint cannot survive summary judgment because Plaintiffs have not established an "underlying tort to make the alleged conspiracy actionable." (Paper 26, Attach. 1 at 12). Additionally, Defendants argue that Taylor and Coldwell Banker cannot qualify as co-conspirators because of the "intracorporate conspiracy doctrine recognized in the Fourth Circuit." (*Id.*).

Plaintiffs' opposition to Defendants' motion only states:

> That the original Complaint in this matter included Defendant CBRB as a conspirator instead of including a count of Respondeat Superior, as the Defendant Taylor was an independent contractor real estate agent for Defendant CBRB. The original Complaint was filed by a prior attorney. Undersigned counsel will be filing a Motion to file an Amended Complaint in this matter following this opposition.

(Paper 34, Attach. 1, at 4). Plaintiffs have not filed an amended complaint.

10

Under Maryland law, a civil conspiracy is defined as:

> "[A] combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." *Hoffman v. Stamper*, 385 Md. 1, 24 (2005)(quoting *Green v. Wash. Sub. San. Comm'n*, 259 Md. 206, 221 (1970)). The plaintiff must prove an unlawful agreement, the commission of an overt act in furtherance of the agreement, and that as a result, the plaintiff suffered actual injury. *Id.* at 25. The unlawful agreement is not actionable by itself; rather, the "[t]ort actually lies in the act causing the harm" to the plaintiff. *Id.* Thus, civil conspiracy is not "capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Id.* (internal citations and quotations omitted).

*Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 128-29 (2006)(internal citations omitted). While circumstantial evidence may be used to establish the first element, *Daughtery v. Kessler*, 264 Md. 281, 286 (1972), Plaintiffs have not presented evidence of any agreement among Defendants to defraud them. Additionally, Plaintiffs have not shown that Defendants committed an unlawful or tortious act. For the reasons set forth below, Plaintiffs' unfair and deceptive trade practices claim will not withstand summary judgment. Without proving that Defendants committed a tort, "civil conspiracy is not 'capable of independently sustaining an award of damages.'" *Mackey*, 391

Md. at 128 (2006).   Therefore, summary judgment will be granted in favor of Defendants on count II of Plaintiffs' complaint.

### 3.   Unfair and Deceptive Trade Practices

Defendants argue that Plaintiffs' claim in count III of their complaint cannot survive summary judgment because the Maryland Consumer Protection Act ("MCPA"), including the section relating to unfair and deceptive trade practices, expressly exempts real estate professionals and brokers from its reach. (Paper 26, Attach. 1, at 13).   Defendants also argue that they are entitled to attorneys' fees under the MCPA because the statute provides, "If it appears to the satisfaction of the court, at any time, that an action is brought in bad faith or is of a frivolous nature, the court may order the offending party to pay the other party reasonable attorney's fees."   (*Id.* at 14)(citing Md. Code Ann., Com. Law. § 13-408(c)).

Plaintiffs concede that they "do not oppose the Defendants' Motion based upon the Maryland Consumer Protection Act as it does not apply to real estate salespersons and brokers." (Paper 34, Attach. 1, at 4-5).

Under Maryland law, claims relating to unfair and deceptive trade practices are governed by the MCPA, Md. Code Ann., Com. Law § 13-101, *et seq.*   The MCPA expressly exempts real estate professionals from its reach.   Section 13-104(1) of the MCPA

12

provides: "This title does not apply to: (1) The professional services of a . . . real estate broker, associate real estate broker, or real estate salesperson . . . ." Plaintiffs allege in their complaint that Taylor is a real estate agent working for Coldwell Banker. (Paper 2 ¶¶ 4, 8). Thus, under Section 13-104(1), Plaintiffs do not have a claim against Coldwell Banker or Taylor for unfair and deceptive trade practices under the Maryland Code. Therefore, summary judgment will be granted in favor of Defendants on count III of Plaintiffs' complaint. Furthermore, because Plaintiffs have maintained a frivolous MCPA claim against Defendants despite the MCPA's clear instruction that the statute does not apply to real estate brokers and salespersons, Defendants will be awarded reasonable attorneys' fees incurred in defending count III of Plaintiffs' complaint.[2]

### III. Defendant Coldwell Banker's Motion for Summary Judgment on its Counterclaim

Defendant Coldwell Banker argues that summary judgment should be granted on its counterclaim because the Contract between the Scotts and the Sellers expressly provided that Coldwell Banker would be indemnified in a case like this one.

---

[2] In granting summary judgment in favor of Defendants, the court did not rely on exhibits 3 and 4 to Plaintiffs' response in opposition to Defendants' motion for summary judgment. Therefore, Defendants' motion to strike Plaintiffs' exhibits 3 and 4 will be denied.

(Paper 27, Attach. 1, at 4).  Plaintiffs have not responded to

Defendant's motion.

The Contract included an indemnification clause that

stated:

> In any action or proceeding between Buyer
> and Seller based, in whole or in part,
> upon the performance or non-performance of the
> terms and conditions of this Contract,
> including, but not limited to, breach of
> contract, negligence, misrepresentation or
> fraud, the prevailing party in such action
> or proceeding shall be entitled to receive
> attorneys' fees from the other party as
> determined by the court or arbitrator.  In
> any action or proceeding between Buyer and
> Seller and/or between Seller and Broker(s)
> and/or Buyer and Broker(s) resulting in
> Broker(s) being made a party to such action
> or proceeding, including but not limited to,
> any litigation, arbitration, or complaint
> and claim before the Maryland Real Estate
> Commission, whether as defendant, cross-
> defendant, third-party defendant or
> respondent, Buyer and Seller jointly and
> severally, agree to indemnify and hold
> Broker(s) harmless from and against any and
> all liability, loss, cost, damages or
> expenses (including filing fees, court
> costs, service of process fees, transcript
> fees and attorneys' fees) incurred by
> Broker(s) in such action or proceeding,
> providing [sic] that such action does not
> result in a judgment against Broker(s).

(Paper 27, Attach. 3, at ¶ 28).  Furthermore, the Contract

provided:

> This Paragraph 28 shall apply to any and all
> such action(s) or proceeding(s) against
> Broker(s) including those action(s) or
> proceeding(s) based, in whole or in part,

14

> upon any alleged act(s) or omission(s) by
> Broker(s) including, but not limited to, any
> alleged act of misrepresentation, fraud,
> non-disclosure, negligence, violation of any
> statutory or common law duty, or breach of
> fiduciary duty by Broker(s).

(*Id.*).

The complaint names Coldwell Banker as a party to the proceeding, and alleges counts of fraud, conspiracy, and unfair and deceptive trade practices. As stated above, summary judgment will be granted to Defendants on all three counts of Plaintiffs' complaint, and Coldwell Banker will be the prevailing party. Therefore, summary judgment will be granted to Defendant Coldwell Banker on its counterclaim and Coldwell Banker will be entitled to indemnification from Plaintiffs pursuant to Paragraph 28 of the Contract, including, but not limited to, attorneys' fees incurred as a result of the proceeding.[3]

---

[3] Because summary judgment will be granted in favor of Defendant Coldwell Banker on its counterclaim and attorneys' fees will be awarded to Defendant, Defendant's motion to compel and for sanctions will be denied as moot. Likewise, Defendant's motion to shorten time for Plaintiffs to respond to Defendant Coldwell Banker's motion to compel and for sanctions will be denied as moot. Additionally, because Defendant Coldwell Banker will be awarded attorneys' fees, it appears unnecessary to award attorneys' fees as requested by Defendants' subsidiary supplemental motions for sanctions when Coldwell Banker and Brian Taylor were represented by the same attorney. Therefore, Defendants' supplemental motion for sanctions will be denied.

**IV.  Conclusion**

For the foregoing reasons, Defendants' motions for summary judgment will be granted, Defendants' motion to strike exhibits 3 and 4 to Plaintiffs' response in opposition to Defendants' motion for summary judgment will be denied, Defendant Coldwell Banker's motion to compel discovery and for sanctions will be denied as moot, Defendant Coldwell Banker's motion to shorten time for Plaintiffs to respond to Defendant's motion to compel and for sanctions will be denied as moot, and Defendants' supplemental motion for sanctions will be denied.  A separate Order will follow.

                      /s/

DEBORAH K. CHASANOW
United States District Judge